UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GINA M. GRAY; DAVID A. ZAMORA; and PRINCE SONG CAMBILARGIU,<br><br>Plaintiffs,<br><br>v.<br><br>LA SALLE BANK NA, et al.,<br><br>Defendants. | Case No.: 13-CV-03692-LHK<br><br>ORDER DENYING APPLICATION FOR PRELIMINARY INJUNCTION |

Plaintiffs Gina M. Gray, David A. Zamora, and Prince Song Cambilargiu (collectively, "Plaintiffs"), appearing pro se, seek a preliminary injunction to enjoin Defendants Ling Jin and Yu Pan from pursuing an unlawful detainer action against Plaintiffs in state court. Plaintiffs request the injunction be issued ex parte. The Court DENIES Plaintiffs' motion for the reasons discussed below.

I.   **BACKGROUND**

On August 8, 2013, Plaintiffs filed a complaint listing as defendants: "La Salle Bank NA as Trustee for WAMU 2006-AR19; Quality Loan Service Corp.; JPMorgan Chase Bank, National Association; California Reconveyance Company; Ling Jin; Yu Pan; Santa Clara County Clerk and

1

Case No.: 13-CV-03692-LHK
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

1   Recorder; Regina Alcomendras; Jules Ordinario; and All Persons or Entities Claiming Any Legal
2   or Equitable Right, Title, Estate, Lien or Interest in the Property Described in this Complaint
3   Adverse to Plaintiff's Title or Any Cloud Upon Title Thereto; and Does 1-10." (collectively,
4   "Defendants").  ECF No. 1.  Summons were issued for each of the Defendants and were returned
5   executed.  ECF Nos. 3, 10-17.  There is no certificate of service for the Complaint.

On August 23, 2013, Plaintiffs filed this Motion for Preliminary Injunction, which Plaintiffs alternatively title an Ex Parte Emergency Preliminary Injunction.  ECF Nos. 7 (Mot. Prelim. Inj.), 8 (Mem. Pts. & Auth.).  On the same day, Plaintiffs also filed a "Certificate of Service" in which Plaintiffs state that Plaintiffs mailed to Defendants a copy of the Ex Parte Emergency Motion, a copy of the Memorandum of Points and Authorities, and a copy of the Certificate of Service.  ECF No. 9.  None of the Defendants have yet appeared in the case.  On August 27, 2013, the case was reassigned from the Honorable Howard R. Lloyd to the undersigned judge.  ECF No. 18.

The preliminary injunction motion asserts that JPMorgan Chase Bank, N.A. ("Chase") was an improper party to foreclosure on Plaintiffs' property.  Mem. Pts. & Auth. ¶ 25.  Following the allegedly wrongful foreclosure, Chase purportedly sold Plaintiffs' property to Defendants Ling Jin and Yu Pan.  Compl. ¶ 118.  Plaintiffs assert that Defendants Ling Jin and Yu Pan have initiated unlawful detainer proceedings against Plaintiffs in state court.  Mem. Pts. & Auth. ¶ 31.

## II.     LEGAL STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente,* 584 F.3d 1196, 1201 (9th Cir. 2009).  The issuance of a preliminary injunction is at the discretion of the district court.  *Indep. Living Ctr. v. Maxwell–Jolly,* 572 F.3d 644, 651 (9th Cir. 2009).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002);

1   *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal.1995).

Federal Rule of Civil Procedure 65(a)(1) states that a court may issue a preliminary injunction "only on notice to the adverse party." Rule 65(b)(2) provides that a court may issue a temporary restraining order without notice to the opposing party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Civil Local Rule 65–1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

### III. DISCUSSION

The only relief requested in Plaintiffs' Motion is an injunction against Defendants Ling Jin and Yu Pan from continuing to pursue the unlawful detainer action in state court. Mot. Prelim. Inj. at 11-12. However, numerous district courts have found that the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing an injunction staying unlawful detainer proceedings in state court. *See Scherbenske v. Wachovia Mortgage, FSB,* 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009) (holding that unlawful detainer actions did not fit within any of the three exceptions to the Anti-Injunction Act); *Michener v. Wells Fargo Home Mortgage*, C 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012) (same).

The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (analyzing the three exceptions enumerated in 28 U.S.C. § 2283). These three exceptions are to be construed narrowly. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) ("[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed.") (internal

3

Case No.: 13-CV-03692-LHK
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

quotations omitted). "The statute is interpreted broadly and includes injunctions directed at the parties rather than the state court itself." *Scherbenske*, 626 F. Supp. 2d at 1058 (citing *Atlantic C.L.R. Co.*, 391 U.S. at 287).

Of the three exceptions to the Anti-Injunction Act, two are inapplicable to Plaintiffs' injunction request. First, an exception is recognized when expressly authorized by Act of Congress. 28 U.S.C. § 2283. In the instant case, "[t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *See Carrasco v. HSBC Bank USA, N.A.*, 2012 WL 646251, at *3 (N.D. Cal. Feb.28, 2012) (citations omitted). Second, an exception is recognized "to protect or effectuate [the Court's] judgment." 28 U.S.C. § 2283. In the instant case, there is no court judgment to protect or effectuate.

The remaining exception applies when an injunction is "necessary in aid of [the Court's] jurisdiction." 28 U.S.C. § 2283. This "necessary-in-aid-of-jurisdiction" exception is generally applied to in rem proceedings where subsequent state court proceedings might interfere with previously filed federal court jurisdiction over a *res*, in cases of advanced federal *in personam litigation*, or where a case is removed from state court. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101, 1102 (9th Cir. 2008) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641-42 (1977)); *Fajardo v. Ross*, No. 1:12-cv-00217-AWI-DLB, 2012 WL 2589244, at *3 (E.D. Cal. July 3, 2012). Courts have found, however, that filing only a complaint in federal court and then seeking an injunction to stay an unlawful detainer action previously filed in state court does not invoke the "necessary-in-aid-of-jurisdiction" exception. *See Scherbenske*, 626 F. Supp. 2d at 1059 (noting that the court was "aware of no authority to interpret this exception to include the filing of a complaint by a plaintiff" and holding therefore that the "necessary-in-aid-of-jurisdiction" exception did not apply); *Michener*, 2012 WL 3027538 *4 ("A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court.") (citation omitted). The Court thus finds that the "necessary-in-aid-of-jurisdiction" exception is inapplicable in the instant case, in which Plaintiffs have filed only a complaint before

4

seeking to enjoin Defendants Ling Jin and Yu Pan from pursuing a previously filed state court unlawful detainer action.

Absent an applicable exception, the Court finds that the Anti-Injunction Act bars Plaintiffs' requested relief, and Plaintiffs' Motion is DENIED.

### IV.     CONCLUSION

The Court has found that it lacks authority to grant the requested relief.  Thus, the Court DENIES Plaintiffs' request for a preliminary injunction to enjoin Defendants Ling Jin and Yu Pan from pursuing the state court unlawful detainer proceeding.

**IT IS SO ORDERED.**

Dated:   August 30, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge